DECISION
Larry E. Brown, pro se, brings this appeal from a judgment of the Franklin County Probate Court. However, before we reach the merits of the instant case, a better understanding of the current status of this action requires a review of other litigation which has taken place since the infancy of litigation, now some six years old, related to the probate case now before us.
Adhering to the law-of-the-case doctrine, we glean the pertinent facts giving rise to the instant case from a prior related appeal, Snow v. Brown (Sept. 26, 2000), Franklin App. No. 99AP-1234, unreported ("Brown I"):
 Defendant-appellant, Larry E. Brown, has appealed the July 27, 1999 judgment entry of the Franklin County Court of Common Pleas finding him liable for the death of his former wife, Joyce Brown, and awarding $850,000 in damages to plaintiff-appellee, Barry M. Snow, Administrator of the Estate of Joyce Brown. Appellant has also appealed the trial court's disposition of several post-trial motions. On July 21, 2000, appellee moved to dismiss this appeal for lack of a timely filed notice of appeal. We *** affirm the judgment entry.
 Appellee commenced this action against appellant on April 16, 1998, raising claims for wrongful death and survivorship. The complaint alleged that appellant had intentionally killed his wife, appellee's decedent, by means of physical assault and incineration in Hocking County, Ohio, on June 21, 1996. A jury trial commenced on July 7, 1999 and, on July 19, 1999, the jury returned verdicts in favor of appellee. The trial court subsequently entered judgment on July 27, 1999.
As indicated above, the record before us reveals that the events giving rise to this case began in June 1996, when Larry Brown's wife, Joyce J. Brown, was killed. The two had been married for approximately six years. At the time, Mr. Brown claimed, and continues to maintain, that her death was caused by her accidentally backing her Jeep down a thirty-five-foot embankment, and then becoming engulfed in flames. He claimed that he tried to save her, but that he fell and injured himself in the process of trying to save her.
Mr. Brown was ultimately indicted and tried on charges of murder, arson, and insurance fraud. Brown was accused of, inter alia, intentionally causing his wife's death by strangling her and then setting the vehicle on fire. Mr. Brown was acquitted in the criminal case.
As indicated above in Brown I, in April 1998, Barry M. Snow, administrator of the estate of Joyce J. Brown, initiated a "civil" murder case against Mr. Brown in the Franklin County Court of Common Pleas. Mr. Snow, the decedent's son by a prior marriage, alleged that Brown "intentionally and feloniously" caused his wife's death "by means of physical assault and incineration."
The jury ultimately found Mr. Brown civilly liable for the intentional and felonious death of his wife. The jury awarded Mr. Snow $850,000 in total damages. The trial court entered judgment on July 27, 1999, and this court ultimately affirmed in Brown
 I.
In December 1999, counsel for the estate's administrator/executor commenced proceedings in the Franklin County Probate Court. First, a complaint for declaratory judgment and concealment of assets was filed in order to determine heirship and ownership of assets. Pursuant to R.C. Chapter 2105, a "murderer not to inherit" action was commenced to ensure that Mr. Brown received no benefit from Ms. Brown's estate.
Counsel for appellant filed an answer in which he denied, inter alia, that he "intentionally and feloniously" killed his wife. Accordingly, he contended that no law prohibited him from remaining a beneficiary of his deceased wife's estate.
The probate court filed a decision and entry on December 18, 2000. Relying primarily upon the jury's verdict in the civil case, the probate court determined that Mr. Brown was barred from benefiting in any manner from his late wife's death, including her last will and testament, proceeds of any life insurance policies, and, "any property titled with joint and survivorship rights." This property included real property and bank accounts. (Decision and Entry at 3.) Accordingly, all of the property at issue was ordered to be treated "as if Larry E. Brown has predeceased Joyce J. Brown" and, therefore, all such property "is deemed assets of the Estate of Joyce J. Brown." Id. at 4.
On January 2, 2001, Mr. Brown, through counsel, filed a motion for a new trial. The trial court overruled the motion pursuant to an entry filed January 25, 2001.
Larry E. Brown (hereinafter "appellant") has attempted to pursue an appeal pro se. While his brief fails to comply with appellate rules requiring that appellants set forth specific assignments of error, we nevertheless note two areas of discussion in his brief which we may construe as assignments of error.
First, appellant claims that he was "denied his rights to due process of law and a fair trial as a result of the plaintiff's ex parte communication with the trial court."
Most of appellant's brief focuses on his contention that he was denied a fair trial because of various instances of "insidious" ex parte communication between the trial judge and counsel for the plaintiff, "where Plaintiff's lawyer brazenly demonized the defendant." Appellant claims to have learned of these violations of his due process rights several years after they allegedly occurred. A review of appellant's brief clearly reveals that the purportedly improper communication occurred during the course of the civil murder case. Indeed, at oral argument, appellant informed this court that, after both this court and the Ohio Supreme Court affirmed the jury's verdict in that case, he commenced a Civ.R. 60(B) motion in the common pleas court. That, of course, is a proper avenue by which to bring such claims at this point of the litigation.
Since the case before us arises from the probate court, we have no jurisdiction under these circumstances to revisit alleged errors or improprieties of the common pleas court in an entirely separate case.
Accordingly, appellant's first assignment of error is overruled.
To the extent appellant raises a "second assignment of error," he contends that the probate court erred in failing to grant appellant's motion seeking a new trial.
Counsel for appellant responds that appellant must demonstrate that the trial court abused its discretion in overruling the motion. It is well-settled that an "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Appellant has not met his burden in demonstrating an abuse of discretion by the probate court in overruling his motion for new trial.
In addition, appellant's counsel also correctly observes that appellant's motion, whatever he chooses to label it, is substantively one seeking reconsideration of the probate court's entry journalized December 18, 2000. Therefore, counsel argues, appellant's attempt to challenge it is untimely. We agree. A plain reading of appellant's motion and memoranda related thereto clearly reveal appellant's repeated attempts to challenge again both the civil judgment and the judgment of the probate court through inappropriate channels.
While appellant urges us to allow him some type of leniency with respect to strict adherence to civil and/or appellate rules, the law does not permit us to treat pro se litigants in such a manner. In addition, we cannot extend "leniency" to any litigant, either represented by counsel or by him or herself, when the issues pertain to definitive time limits and jurisdiction.
The second assignment of error is overruled.
Having rejected appellant's arguments, construed as assignments of error, the judgment of the probate court is affirmed.
 ___________________ TYACK, J.
McCORMAC and BOWMAN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.